with ten dollars costs and disbursements, and motion granted, with ten dollars costs, to the effect that the attorneys turn over to plaintiff two-thirds of the amount of the judgment, with interest, after deducting the costs awarded on the trial and on appeal, on the ground that the retainer signed by plaintiff was not intended to and did not make the plaintiff liable to the attorneys for their fees in the infant's action. Jenks, P. J., Mills and Blackmar, JJ., concurred; Rich and Kelly, JJ., voted to affirm. Order to be settled before Mr. Justice Blackmar.

NATIONAL CASH REGISTER COMPANY, Respondent, v. JOSEPH FRUCHTER, and Others, Copartners, etc., Appellants.— Judgment and order reversed, with costs, and complaint unanimously dismissed upon the merits, with costs, on the ground that the contract alleged in the complaint was not one in which the price was made payable on a day certain, irrespective of delivery, and so the case does not fall within subdivision 2 of section 144 of the Personal Property Law.* Jenks, P. J., Thomas, Mills, Rich and Putnam, JJ., concurred.

CHARLES O'NEILL, Respondent, v. ERIE RAILROAD COMPANY, Appellant.— Order affirmed, without costs. No opinion. Jenks, P. J., Rich, Putnam, Blackmar and Kelly, JJ., concurred.

ALFRED O'NEILL, an Infant, by AILEEN O'NEILL, His Guardian ad Litem, Respondent, v. THOMAS F. FIFE, Appellant.— Judgment and order unanimously affirmed, with costs. No opinion. Present — Jenks, P. J., Mills, Rich, Blackmar and Kelly, JJ.

PACIFIC FLUSH TANK COMPANY, Respondent, v. THE VILLAGE OF HEMPSTEAD and Others, Respondents. NEW YORK COUNTY NATIONAL BANK, Appellant.— Judgment of the County Court of Nassau county unanimously affirmed by default, with costs. Present — Jenks, P. J., Thomas, Rich, Putnam and Blackmar, JJ.

MARY A. PERRY, Administratrix, etc., of PETER B. ROSS, Deceased, Respondent, v. KATE L. WESTERFIELD and CORNELIUS WESTERFIELD, Appellants, and Another, Defendant.— Order affirmed, with ten dollars costs and disbursements, on authority of Holland v. Grote (193 N. Y. 262). Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Putnam, J., dissented on the ground that Holland v. Grote (supra) may be distinguished as not strictly in aid of a lien, such as the complaint avers in the case at bar; that Holland v. Grote was to reach property or proceeds belonging to a judgment debtor regardless of a lien; that this action falls within Evans v. Hill (18 Hun, 464); and further, that to proceed in aid of a dormant judgment, after expiration of the lien (see 23 L. R. A. [N. S.] 32), it seems necessary to aver that the transferer is insolvent.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROSARIO PELLEGRINO, alias JACK PELEGRINO, Appellant.— Judgment of conviction of the County Court of Kings county affirmed. No opinion. Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ., concurred.

---

* Consol. Laws, chap. 41 (Laws of 1909, chap. 45), § 144, subd. 2, as added by Laws of 1911, chap. 571.— [REP.